UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES FASOLI,

         Plaintiff,

  v.

CITY OF STAMFORD, ERNEST ORGERA,
MICHAEL SCACCO, and MICHAEL
LAROBINA

         Defendants.

3:11-CV-00767 (CSH)

## RULING ON DEFENDANT CITY OF STAMFORD'S
## MOTION FOR PROTECTIVE ORDER

Defendant City of Stamford ("Stamford") moves [Doc. 128] for a protective order with respect to the Second Set of Requests for Production filed by Plaintiff James Fasoli. Plaintiff opposes the motion and argues that Stamford should fully comply with the Requests. This Ruling resolves the motion.

The Court agrees with Plaintiff that its Order entered on January 22, 2013 [Doc. 99] should not be read to preclude the discovery at issue. The cut-off date of December 28, 2012 upon which Stamford relies is contained in an earlier Order, Doc. 89, which was superseded by Doc. 99. The direction in Doc. 99 that "the time within which discovery must be completed is adjourned without date subject to the Court's further Order" refers to all discovery that is permissible under the Federal Rules of Civil Procedure.

Stamford's alternative argument on the present motion is well taken. The Defendant need not produce the documents referred to in Paragraphs 1-9 of the Second Set of Requests. Discovery is permissible only into matter "that is relevant to any party's claim or defense." Rule

26(b)(1). In order for a fact to be relevant, it must be "of consequence in determining the action." Rule 401(b), Federal Rules of Evidence. The gravamen of Fasoli's action against Stamford is that Stamford wrongfully retaliated against Fasoli, a Stamford employee, because of protected public criticisms he had voiced with respect to the City's conduct of its affairs. One area of Fasoli's criticism had to do with the extent and the manner in which Stamford or its employees sold City-owned equipment into the scrap metal market. Fasoli apparently believed, and stated publicly, that Stamford employees had acted dishonestly in that regard. He complains that after he voiced those criticisms, Stamford retaliated against him by subjecting him to a series of adverse actions with respect to the terms and conditions of his employment by the City.

Paragraphs 1 through 9 of Plaintiff's Second Set of Production Requests ask for the broadest possible production of any documents having anything to do with Stamford's disposal or sale of City-owned surplus or scrap equipment over a lengthy period of time. Paragraphs 1 and 2 are illustrative. Paragraph 1 asks for all documents generated "from 2001 to the present that concern and/or relate to any monies deposited into the Parking Meter Meter Collection Fund from the proceeds from any sale of scrap metal and/or city equipment by any City agency or department." Paragraph 2 requests: "For the time period of 2005 to the present, produce any document, spreadsheet and/or written compilations of data that collects or compiles data with respect to the sale of surplus or scrap metal by any City agency or department to any third party . . . " Stamford has no obligation to produce such documents because they are not relevant to Fasoli's claim of retaliation or Stamford's defense to that claim, and the facts contained in or giving rise to such documents would be of no consequence in determining the merits of Fasoli's action.

To succeed on a retaliation claim, a plaintiff like Fasoli must prove that (1) his speech in question was protected by the First Amendment; (2) he suffered an adverse employment action sufficient to deter a similarly situated person from exercising his or her constitutional rights; and (3) his speech substantially motivated the employer's adverse action. *See, e.g., Zelnik v. Fashion Institute of Technology*, 464 F.3d 217, 225-26 (2d Cir. 2006). It is readily apparent that the factual accuracy of a plaintiff's protected speech is of no relevance to his claim that its utterance caused an employer to retaliate against him. If an employer retaliates against an employee because of the employee's protected speech, the employer cannot escape liability by showing that the employee's speech was factually incorrect. Conversely, if an employer's adverse action against an employee was for reasons entirely unrelated to the employee's speech, the employee cannot succeed in his retaliation action by showing that his publicly voiced criticism of the employer was entirely accurate.

Thus, in retaliation cases such as this one the accuracy *vel non* of an employee's speech is of no consequence in determining the merits of the action. Therefore, inquiries intended to demonstrate the accuracy of an employee's criticisms have nothing to do with a relevant issue, and do not fall within the boundaries of permissible discovery. One may draw the reasonable inference that Mr. Fasoli does not believe a sufficient public investigation was made into Stamford's disposal of surplus or scrap metals and proposes to conduct one himself, through the medium of this action. To allow that would be akin to an abuse of process, and I will not allow it in this case.

Accordingly, Stamford need not respond to Paragraphs 1-9 in Plaintiff's Second Request for Production. Stamford does not make this alternative-ground objection to the remaining

3

Paragraphs.

A review of the docket in the case shows that Stamford, together with Defendant Michael Larobina, made a motion to dismiss Plaintiff's complaint which was fully briefed some time ago. The briefs are Doc. 45 (Defendants' brief in support of motion to dismiss); Doc. 55 (Plaintiff's brief in opposition); and Doc. 60 (Defendants' reply brief). The reply brief was filed on November 17, 2011. Shortly thereafter, the parties engaged in brisk adversary activities focusing entirely upon discovery and related scheduling, requiring repeated Court intervention. The motion to dismiss is still pending. Counsel for Stamford and Larobina are directed to advise the Court by letter forthwith, with copies to all counsel of record, stating whether they still press the motion to dismiss, and if so, whether they are content to rely upon the present briefing. Similarly, the Court notes that Defendant Michael Scacco filed a motion to dismiss on August 15, 2011, Doc. 35, which is also still pending. The Court asks that counsel for Scacco also advise the Court by letter forthwith, with copies to all counsel of record, stating whether Defendant Scacco's motion to dismiss is still pressed and, if so, whether counsel is content to rely upon the present briefing. Nothing in this Ruling should be read as intimating any present view of the Court as to how either of these motions should be decided.

It seems advisable to set a further and final deadline for all discovery. That deadline is Friday, June 28, 2013. For the sake of perfect clarity, the phrase "all discovery" means "all discovery" of any sort by any party.

For the foregoing reasons, the motion by Defendant City of Stamford for a Protective Order with Respect to Plaintiff's Second Set of Requests for Production is GRANTED in part and DENIED in part.

All of the foregoing is SO ORDERED.

Dated:   New Haven, Connecticut
         May 28, 2013

                                                        */s/Charles S. Haight, Jr.*
                                                        Charles S. Haight, Jr.
                                                        Senior United States District Judge